COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


SNYDER GENERAL CORPORATION AND
 TRANSPORTATION INSURANCE COMPANY
                                    MEMORANDUM OPINION* BY
v.    Record No. 1268-00-3          JUDGE ROBERT J. HUMPHREYS
                                         DECEMBER 12, 2000
JUDITH LYNN FRIDLEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Monica L. Taylor (Dale W. Webb; Gentry,
          Locke, Rakes & Moore, on brief), for
          appellants.

          Thomas W. Dixon, Jr. (Nelson, McPherson,
          Summers & Santos, L.C., on brief), for
          appellee.


     Snyder General Corporation and Transportation Insurance

Company appeal from a decision of the Virginia Workers'

Compensation Commission awarding medical benefits to Judith Lynn

Fridley.  Specifically, Snyder argues that the commission erred

in finding that Fridley proved a causal relationship between her

1990 injury and her recent medical treatment.

     Fridley was hired by Snyder in January of 1989 as a general

assembler.  By October of 1990, Fridley was working on the paint

line.  Her duties required her to stand and hang panels on hooks

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

attached to a conveyor line, which took the panels to a paint booth.

On October 4, 1990, Fridley was hanging a panel on the line, with her right hand above her shoulder and her left hand on the panel.  Her right hand slipped, causing the panel to fall forward and jerk her body forward.  She immediately felt pain in her low back.  She continued to work until October 9, 1990 when she sought medical treatment and was taken off work by her physician until December 17, 1990.

Fridley filed her claim for benefits in February of 1991, and the injury was accepted as compensable by Snyder.  Fridley alleges that she still suffers from the 1990 injury and requested a hearing in 1998 to demand continuation of benefits for that injury.

During the hearing, Snyder argued that Fridley could not establish the necessary causation between her 1990 accident and the back pain she was currently suffering.  Specifically, Snyder argued that Fridley failed to inform several of her treating physicians of her history of back injury prior to 1990.  Prior to the 1990 injury, Fridley had presented to physicians as a result of at least four separate instances of pain/injury to her back.  These instances included injuries to her lower back.  Because of this misinformation, some of Fridley's physicians opined that her injury in 1990 was caused by the 1990 accident, while others did not.

Snyder also presented evidence that Fridley had incurred several injuries to her back in the years following the 1990 accident. Snyder argued that these injuries interrupted the chain of causation between the 1990 injury and Fridley's current problems.

Fridley underwent an independent medical examination on January 5, 1999. The examination was performed by Dr. George Godette. After examining Fridley and reviewing all of her pertinent medical history,[1] Dr. Godette diagnosed Fridley with a left SI joint dsyfunction and stated the following with regard to causation:

> If it is assumed that the patient had no pre-existing disease, then certainly the mechanism of the injury of the accident of October 9, 1990 could trigger symptoms such as the patient presently exhibits.[2] Usually, an SI problem with appropriate treatment resolves in three to four months (six months at the longest). . . . [The injuries Fridley suffered since 1990] could certainly have extended the period of time that the patient would have SI joint symptoms . . . . For this reason, it is my medical opinion that it is very unlikely to a degree of medical certainty, any causality between the injury of October 9, 1990 [sic] and the patient's

---

[1] Fridley told Dr. Godette during the exam that she had no history of back injury prior to the 1990 incident. However, before issuing his final report, Dr. Godette was able to review all of Fridley's pertinent medical records, including those pertaining to her back injuries prior to 1990.

[2] Fridley's initial paperwork established the date of the accident as October 9, 1990, the date that she first sought medical treatment. However, the accident actually occurred on October 4, 1990.

present symptoms could be firmly
established.

(Footnote added).

In response, Dr. Bart W. Balint, a physician with the
Shenandoah Valley Pain Clinic where Fridley had been seeking
treatment since 1994, wrote a letter disagreeing with Dr.
Godette's diagnosis of SI joint dysfunction.  Dr. Balint had
also examined Fridley and reviewed her medical history.  He
stated the following:

> While Ms. Fridley has pain to palpitation
> over the superior part of the posterior
> pelvis and near the SI joint, the pain is
> coming from the superior gluteal neuralgia,
> not from a source in the SI joint.
>
> *    *    *    *    *    *    *
>
> In conclusion, Ms. Fridley has been a
> patient in my practice for several years.
> She continues to work 40+ hours per week in
> a medium to heavy duty job despite having
> chronic neuralgia from her work related
> accident in 1990.

Based on this evidence, the deputy commissioner denied
Fridley's application for benefits finding that Fridley had
failed to meet her burden of proving a causal relationship.
However, the full commission reversed the deputy's decision
finding that Fridley "established that her treatment for
left-sided hip pain and lower back pain with Dr. Balint and his
associates was caused by the October 9, 1990 accident [sic]."

> "A question raised by conflicting medical
> opinion is a question of fact."  On review
> by this Court, a determination of legal

- 4 -

causation by the commission is "a factual finding that will not be disturbed on appeal if there is credible evidence to support [it]." "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."

City of Norfolk v. Lillard, 15 Va. App. 424, 429-30, 424 S.E.2d 243, 246 (1992) (citations omitted).

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." "Matters of weight and preponderance of the evidence, and the resolution of conflicting inferences fairly deducible from the evidence, are within the prerogative of the commission, and are conclusive and binding on the Court of Appeals."

City of Richmond Fire Dep't v. Dean, 30 Va. App. 306, 311-12, 516 S.E.2d 709, 711-12 (1999) (citations omitted).

Thus, considering the evidence in the light we must, we find that there was credible evidence to support the commission's factual finding with respect to causation. Accordingly, we affirm the decision of the commission.

Affirmed.